UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 6 2013
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Muhammed Zbeida Tillisy, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-575 |
| Sheikh Sultan Bin Khalifa Al Nahyan, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted or is frivolous).

Plaintiff is a prisoner incarcerated in Everett, Washington. He sues Sheikh Sultan Bin Khalifa Al Nahyan for breach of contract. Plaintiff identifies defendant as the grandson of the President of the United Arab Emirates and eldest son of the Crown Prince. Compl. at 1. Plaintiff alleges that on an unspecified date, defendant "contacted [him] as he has before in prior occasions requesting that adult entertainment services be provided . . . which included exotic women and recreational drugs for use (outside of the U.S.) . . . ." *Id.* Allegedly, plaintiff "had the women flown in . . . on private chartered jets" to some unspecified location where they were "pampered" and bought "clothing, sundries, that would be acceptable to [defendant]." *Id.* The women were then "chartered/flown with [defendant] between the United Arab Emirates through

1

Europe and into the United States." *Id*. Plaintiff alleges that he explained to defendant that "all the expenses were being paid out of my own personal expense account and the debt must be settled immediately upon completion of the services and trip. [Defendant] explained this would not be a problem and that a wire transfer would be completed as soon as possible." *Id*. at 1-2. When plaintiff presented defendant with a bill of $187,100, he allegedly received a phone call "telling [him] that [defendant] will personally go to the bank and make sure the transfer is done." *Id*. at 2. When plaintiff failed to receive a wire transfer, he "continued for 7 months to attempt [to] contact [defendant]" through the Embassy of the United Arab Emirates in Washington, D.C. and even "informed the Ambassador's Office that they [*sic*] had photos of the Prince indulging in fornication acts and the use of [illicit] drugs . . . with several women." *Id* at 2. Accounting for "accumulated interest due to late payment," plaintiff seeks $240,000. *Id*. at 3.

Dismissal is warranted here for several reasons, although the Court will dismiss without prejudice to see if Plaintiff can cure the inherent defects. First, "a contract to perform [] illegal act[s]," such as alleged here (procuring of illegal drugs and pandering), "is void and unenforceable." *Al-Ibrahim v. Edde*, 897 F. Supp. 620, 622 (D.D.C. 1995). "The purpose of this rule is to prevent wrongdoers from using or abusing the legitimate judicial process to resolve disputes over their illegal undertakings." *Id*. at 622-23 (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 306 (1985)). Second, the complaint does not allege the basic facts surrounding this alleged oral contract. For instance, no dates are given for any of the negotiations nor are any locations provided concerning the contacts or services. Indeed, it is reasonably safe to assume that plaintiff lacked the ability to perform the alleged acts from a prison cell, where his prison-account statement submitted with his *in forma pauperis* application shows he has been residing since no later than May 31, 2012. *See Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and internal quotation marks omitted). Without further clarification, the complaint's farfetched allegations present the type of fantastic or delusional scenarios warranting dismissal of the case as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994); *see Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). A separate Order accompanies this Memorandum Opinion.

Date: April 25, 2013

United States District Judge